Brennan, J.
On or about May 23,1993, Lon T. Mietka (hereinafter, the plaintiff-appellee) entered into a contract with United Vinyl Distributors (hereinafter, the defendant) whereby plaintiff agreed to purchase 8 double pane replacement windows and defendant agreed to install said windows in plaintiffs home. Plaintiff agreed to pay $4,882.00 to the defendant for the purchase and installation of these windows. Thereafter, defendant purchased the windows from C&S Distributors, Inc. (hereinafter, appellant) and proceeded to install them in plaintiffs home. At no time did plaintiff have contact with appellant. Subsequently, one of the windows installed in plaintiffs home developed a leak and caused damage to plaintiff-appel-lee’s home. Plaintiff filed a claim against appellant and defendant, United Vinyl, alleging breach of contract, fraud, and violations of M.G.L.c. 93A Appellant C&S Distributors filed an answer with counterclaims and cross claims. Defendant United Vinyl failed to appear and failed to file an answer to the complaint or the cross claim. Appellee proceeded to trial against appellant on Count I of the complaint, which alleges breach of contract.
At the conclusion of the appellee’s case, appellant filed a motion to dismiss pursuant to Mass. R. Civ. P, Rule 41(b) (2). This motion was denied and judgment in the amount of $5,800.00 entered for the appellee. Appellant filed a timely notice of appeal.
Appellant presents the following issues for review: whether the court erred in finding that the window was defective; whether the court erred in finding that the alleged defect caused the damage to plaintiff-appellee’s property; whether the court erred in finding for plaintiff-appellee on Count I of his complaint alleging breach of contract; whether the court erred in denying defendant-appellant’s motion to dismiss; whether the court erred in making certain rulings and findings of fact. On several issues appellant seeks review of the court’s findings of fact. Unless clearly erroneous, findings of fact will not be set aside.
Appellant asserts that the court’s findings should be reversed because there was no contract between appellee and appellant. Within the findings the court allowed the requested ruling that stated that “Defendant and Plaintiff-in-Counterclaim and Plaintiff in Cross claim, C&S Distributors, Inc. (hereinafter Plaintiff) never entered into a contract.” Further, appellant asserts that in a subsequent ruling the court allowed the request that stated that “Plaintiff never spoke with, or communicated by letter, telephone or any other means with any representative of Defendant until after United Vinyl Distributors Corp.... installed the window.” The court further allowed a request that plaintiff and United Vinyl contracted for the purchase and installation of the window. Unfortunately, for the plaintiff, United Vinyl failed to appear to answer the complaint. Based upon the evidence before *174 the court it appears that Appellant was not a party to the contract and, as such, cannot beheld liable for breach of contract. The record appears clear that there was no other evidence, such as warranty evidence before the court when these findings were made. The record appears clear that plaintiff never moved to amend his complaint to include breach of warranty, but chose to proceed on the claim of breach of contract alone. It therefore appears erroneous that a judgment was entered for breach of contract in the present case. Based on the evidence that was before the court at the close of appellee’s case it appears that appellant’s motion to dismiss pursuant to Mass. R. Civ. R, Rule 41(b) (2) should have been allowed. It seems apparent that the court did not have the requisite evidence before it on the issue of warranties to make any finding on breach of contract.
The court’s entry of judgment against the appellant should be reversed.